1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  R.F.,

12            Plaintiff,

13       v.

14  TEHACHAPI UNIFIED SCHOOL
    DISTRICT,

15            Defendant.

16

| | |
|---|---|
| ) | Case No.: 1:16-cv-01796 - LJO - JLT |
| ) | |
| ) | ORDER GRANTING THE MOTION TO APPOINT |
| ) | SEAN FRANKEL AS GUARDIAN AD LITEM |
| ) | FOR MINOR PLAINTIFF R.F. |
| ) | |
| ) | (Doc. 2) |
| ) | |
| ) | |

17       On November 28, 2016, Sean Frankel initiated this action on behalf of the minor R.F., his son,

18  and requested to be appointed as the guardian ad litem. (Docs. 1, 2)

19  **I.      Appointment of a Guardian Ad Litem**

20       Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly

21  appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2).

22  In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a

23  minor or incompetent person who is unrepresented in an action." *Id.* The capacity of an individual to

24  sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b).

25       Because R.F. resides in California, the law of this state governs.  Under California law, an

26  individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian

27  conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  A guardian ad litem may be appointed to

28  represent the minor's interests.  Cal. Code Civ. P. § 372(a).

1   **II.      Discussion and Analysis**

2          In determining whether to appoint a particular guardian ad litem, the court must consider

3   whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1). "When

4   there is a potential conflict between a perceived parental responsibility and an obligation to assist the

5   court in achieving a just and speedy determination of the action, a court has the right to select a

6   guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams*

7   *v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation

8   omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no

9   right to control or influence the child's litigation."  *Id.* at 50.

10          Plaintiff R.F. is the twelve-year-old son of Sean Frankel (Doc. 2 at 3, Frankel Decl. ¶ 1), and is

11  a minor under California law.  *See* Cal. Fam. Code § 6502.  As a minor, R.F.'s ability to bring suit is

12  contingent upon the appointment of a guardian ad litem.  Upon review of the complaint, it does not

13  appear Mr. Frankel has any adverse interests to those of his son.  Mr. Frankel does not have competing

14  claims with Plaintiff, because R.F. is the only plaintiff in this action, and the only claims are asserted

15  on his behalf.  Accordingly, appointment of Mr. Frankel as guardian ad litem for his son is

16  appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is

17  represented by a parent who is a party to the lawsuit and who has the same interests as the child there

18  is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS

19  37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad

20  litem").

21  **III.      Conclusion and Order**

22          The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of

23  the trial court."  *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it

24  does not appear Mr. Frankel has conflicting interests, and as such he may be appointed to represent the

25  interests of his son.  Therefore, the Court is acting within its discretion to grant his application to be

26  appointed as the guardian ad litem. Thus, the Court **ORDERS**:

27          1.      The motion for appointment of Sean Frankel as guardian ad litem for R.F. (Doc. 2) is

28                  **GRANTED**; and

2.     Sean Frankel is appointed to act as guardian ad litem for Plaintiff R.F., and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   **December 1, 2016**                          **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE

3