# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **R.F., a minor, by his Guardian Ad Litem, SEAN FRANKEL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DELANO UNION SCHOOL DISTRICT,**<br><br>**Defendant.** | 1:16-cv-01796-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT (Doc. 1) WITH LEAVE TO AMEND** |

## I. <u>INTRODUCTION</u>

Plaintiff R.F., a minor, brings this action against Defendant Delano Union School District under the Individuals with Disabilities Education Act ("IDEA"). On February 15, 2017, the Court entered an order denying Plaintiff's motion for preliminary injunction and directing Plaintiff to show cause why his complaint should not be dismissed. Doc. 27. On March 7, 2017, Plaintiff filed a response. Doc. 29. On March 17, 2017, Defendant filed a response. Doc. 30. For the reasons explained below, the Court DISMISSES Plaintiff's complaint with leave to amend.

## II. <u>BACKGROUND</u>

The Court will reiterate briefly the facts of this case, which are drawn from prior filings. Plaintiff, who is 12 years old, has autism, an intellectual disability, and a speech and language disorder, and is non-verbal. Doc. 5-1 at 5; Doc. 18-2 at 2. While Plaintiff was attending school under an individualized education program ("IEP") in Torrance, California, his mother passed away. *Id*. Plaintiff's father decided to move Plaintiff to Delano, California, where Plaintiff's grandmother and uncle live and can provide additional childcare support. Doc. 5-7 at 2. In June 2016, Plaintiff began

living with his grandmother in Delano for several days each week. Doc. 5-7 at 2.

Plaintiff enrolled in Delano Union School District on June 17, 2016. Doc. 5-1 at 6. Defendant proposed an IEP which would considerably reduce Plaintiff's services from what he had been receiving in Torrance. *Id*. After rejecting Defendant's proposed IEP, Plaintiff re-enrolled at Torrance Unified School District, where he is currently enrolled. Doc. 10 at 2; Doc 22 at 2. Plaintiff has never attended classes at any Delano Union School District school. Doc. 19-2 at 2. Plaintiff's father intends for Plaintiff to reside and attend school in Delano full time. Doc. 30-1 at 4.

Plaintiff filed a due process hearing request with the California Office of Administrative Hearings ("OAH") on October 13, 2016. Doc. 5-1 at 6. Defendant also filed a due process hearing request, and the hearings were consolidated. Doc. 1 at ¶ 17. The hearing was scheduled to begin on April 6, 2017. Doc. 29 at 2. Plaintiff expects a decision to follow within 30 days after the hearing. *Id*.

On November 28, 2016, following the OAH's denial of his "stay-put" motion, Plaintiff filed a complaint with the Court seeking declaratory and injunctive relief. Doc. 1. On February 15, 2017, the Court denied Plaintiff's motion for preliminary injunction, finding that the dispute had been rendered moot because Plaintiff was not residing within the area served by Delano Union School District. Doc. 27. The Court ordered Plaintiff to show cause why his complaint should not be dismissed. *Id*.

### III. <u>STANDARD OF DECISION</u>

Dismissal without leave to amend is improper "unless it is clear . . . that the complaint could not be saved by any amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998). Leave to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). When determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). "The court should freely give leave [to

amend] when justice so requires," Fed. R. Civ. P. 15, and "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## IV. ANALYSIS

For the reasons explained in the Court's February 15, 2017, Memorandum Decision and Order, Plaintiff's claims for declaratory and injunctive relief are moot. *See* Doc. 27 at 14-15. Plaintiff has not offered any reason why his complaint seeking injunctive and declaratory relief should not be dismissed. Accordingly, the complaint is dismissed.

Plaintiff intends to amend his complaint to include claims for compensatory education, transportation costs, and disability discrimination. Doc. 29 at 2-3. Plaintiff's proposed claims for compensatory education and transportation costs arise under the IDEA. Doc. 29 at 2. Before a party may file a civil action seeking judicial review of an IDEA dispute, the party must exhaust the available administrative remedies. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302 (9th Cir. 1992). Plaintiff has not exhausted his administrative remedies or alleged that "resort to the administrative process would either be futile or inadequate." *Hoeft*, 967 F.2d at 1033. Therefore, it would be improper to permit Plaintiff to amend his complaint to include claims arising under the IDEA at this time.

Plaintiff also proposes to amend his complaint to include disability discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, stating that Defendant discriminated against him by requiring him to dis-enroll from his previous school before enrolling in Delano Union School District.[1] Doc. 29 at 3. There is no indication, and Defendant does

---

[1] The disability discrimination claims, as Plaintiff briefly describes them, do not appear to seek redress of the denial of a free appropriate public education, and therefore do not require exhaustion of Plaintiff's administrative remedies available under the IDEA. *Fry v. Napoleon Cmty. Schs.*, 137 S.Ct. 743, 754-55 (2017).

not argue, that amendment to include disability discrimination claims would be futile. Instead, Defendant argues that the disability claims did not arise until after Plaintiff filed his complaint, and that Plaintiff has not yet formally sought to amend his complaint. Doc. 30 at 3. The Ninth Circuit has instructed that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). There is no indication that Plaintiff's request to amend his complaint to include disability discrimination claims stems from a dilatory motive or bad faith, or that allowing the request would result in prejudice to Defendant. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (listing factors that qualify the strong policy in favor of amendment). Accordingly, the Court grants Plaintiff's request for leave to amend his complaint.

## V. **CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff's complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before June 1, 2017.

IT IS SO ORDERED.

Dated: **April 11, 2017**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE